Andrew Rozynski, Esq. (NY# 5054465; *pro hac vice*, to be filed)
EISENBERG & BAUM, LLP
24 Union Square East, Fourth Floor
New York, NY 10003
212-353-8700 (tel.)
212-353-1708 (fax)
arozynski@eandblaw.com

John K. Buche (CA Bar No. 239477) (Local Counsel)
BUCHE & ASSOCIATES, P.C.
875 Prospect St., Suite 305
La Jolla, CA 92037
(858) 459-9111 (Tel.)
(858) 430-2426 (Fax)
jbuche@buchelaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

---------------------------------------------------------------

| | |
|---|---|
| MELVIN PATTERSON, AND BRANTON STEWART, | **Civ. No.** |
| Plaintiffs, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| BURNING MAN PROJECT, | |
| Defendants. | |

---------------------------------------------------------------

Plaintiffs, MELVIN PATTERSON ("Mr. Patterson") and BRANTON STEWART

("Mr. Stewart"), by and through their undersigned counsel, EISENBERG & BAUM, LLP,

hereby files this Complaint against Defendant, BURNING MAN PROJECT, and alleges

as follows:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PRELIMINARY STATEMENT

1.      Plaintiffs Melvin Patterson and Branton Stewart are deaf individual who communicate primarily in American Sign Language ("ASL"), which is their expressed, preferred, and most effective means of communication. Defendant, Burning Man Project, discriminated against Plaintiffs by refusing to provide effective auxiliary aids and services for their disability despite their repeated requests for effective communication. Based on Plaintiffs' allegations herein, it is evident that Defendant has failed to implement policies, procedures, and practices respecting the civil rights and communication needs of deaf individuals. Plaintiffs bring this action to compel Defendant to cease unlawful discriminatory practices and implement policies and procedures that will ensure effective communication, full and equal enjoyment, and a meaningful opportunity to participate in and benefit from Defendant's services. Plaintiffs seek declaratory, injunctive, and equitable relief; compensatory and punitive damages; and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 USC §§ 12181 et seq.; the Unruh Civil Rights Act ("Unruh Act"); and other state and common law causes of action.

## THE PARTIES

2.      Plaintiff MELVIN PATTERSON is an individual residing in Patterson, CA. Mr. Patterson is deaf, primarily communicates in American Sign Language (ASL), and is substantially limited in the major life activity of speaking and hearing within the meaning

Patterson et al., v. Burning Man Project - COMPLAINT

of federal, state, and local civil rights laws.

3.     Plaintiff BRANTON STEWART is an individual residing in Temecula, CA. Mr. Stewart is deaf, primarily communicates in American Sign Language (ASL), and is substantially limited in the major life activity of speaking and hearing within the meaning of federal, state, and local civil rights laws.

4.     Defendant BURNING MAN PROJECT at all times hereinafter mentioned is a 501(c)(3) California non-profit corporation located at 660 Alabama Street, San Francisco, CA 94110. Defendant organizes and operates the annual event known as Burning Man in the Black Rock Desert in Nevada. Defendant is subject to the requirements of the ADA and the Unruh Act.

## JURISDICTION & VENUE

5.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiffs' claims arising under the laws of the United States, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for Plaintiffs' claims arising under state and local laws.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant is a resident of this district, having its principal place of business at 660 Alabama Street, San Francisco, CA 94110. Additionally, the acts and omissions giving rise to this Complaint occurred within this District.

## STATEMENT OF FACTS

Patterson et al., v. Burning Man Project - COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7.      Defendant organizes and operates the annual event known as "Burning Man" at Black Rock City, a temporary city erected in the Black Rock Desert in Nevada.

8.      According to Defendant's website, https//burningman.org, "Once a year, tens of thousands of people gather in Nevada's Black Rock Desert to create Black Rock City, a temporary metropolis dedicated to community, art, self-expression, and self-reliance. In this crucible of creativity, all are welcome." According to the website, the event has been attracting more than 60,000 attendees since 2013, and with 69,493 attendees in 2017.

9.      Plaintiff Melvin Patterson is a profoundly deaf individual whose first and primary language is American Sign Language ("ASL").

10.     Mr. Patterson first participated in Burning Man in 2012.

11.     According to Defendant's website, https//burningman.org, "Black Rock Rangers are participants who volunteer a portion of their time at Burning Man in service of the safety and well-being of the Burning Man community. Rangers act as non-confrontational community mediators, providers of reliable information, facilitators of public safety (with the expectation that everybody read the back of their ticket, of course!), and navigators of the edge of chaos."

12.     Mr. Patterson has served as a volunteer, called "Block Rock Ranger" or "Ranger," for Burning Man in 2014, 2015, 2017, and 2018.

13.     Upon information and belief, approximately sixty (60) deaf and hard of hearing individuals participate in Burning Man each year.

Patterson et al., v. Burning Man Project - COMPLAINT

14.    Prior to Burning Man 2017, Defendant provided interpreters to deaf and hard of hearing Burning Man participants.

15.    Beginning with Burning Man 2017, however, Defendant stopped providing ASL interpreters.

16.    Mr. Patterson attended and volunteered as a Ranger for Burning Man 2016, which was held on or about August 28, 2016 to September 5, 2016. ASL interpreters were at the event, but no one was available for Mr. Patterson due to a shortage of the interpreters.

17.    Mr. Patterson attended Burning Man 2017, which was held on or about August 27, 2017 to September 4, 2017. No ASL interpreters were provided.

18.    Mr. Patterson attended and volunteered as a Ranger for Burning Man 2018, which was held on or about August 26, 2018 to September 3, 2018. No ASL interpreters were provided.

19.    Mr. Patterson is aware that other deaf and hard of hearing participants requested interpreters from Defendant in 2017 and 2018 and had those requested denied.

20.    From June through August of 2018, Mr. Patterson repeatedly reached out to Defendant to express the need for ASL interpreters at Burning Man for him to participate as a Ranger, and also for other deaf and hard of hearing participants to attend and enjoy various programs at the event.

21.    On or about August 11, 2018, Mr. Patterson visited Defendant's office at 660 Alabama Street, San Francisco, CA 94110 to resolve the interpretation issues for Burning

Patterson et al., v. Burning Man Project - COMPLAINT

Man. Mr. Patterson met with two (2) staff members from Defendant's Human Resources team.

22.    On or about August 13, 2018, Mr. Patterson spoke with Defendant's Director of People Operations, Pedro Vidal, and requested ASL interpreters at Burning Man for him and for other deaf and hard of hearing participants.

23.    On or about August 15, 2018, Mr. Patterson also wrote an e-mail to Defendant's Placement Manager, Trippi Longstocking, proposing Defendant to provide three (3) gift tickets for interpreters as a means to facilitate him hiring his own interpreters for deaf and hard of hearing participants at the event, stating that "Please provide 3 tickets for 3 interpreters for the Playa . . . We will coordinate everything for the playa for Deaf Community."

24.    Although Mr. Patterson did not have any obligation to hire and arrange ASL interpreters on his own, he proposed the idea to Defendant for him and other deaf and hard of hearing participants.

25.    On or about August 17, 2018, Defendant's Placement Manager, Trippi Longstocking, and Community Services Department Manager, Terry Schoop, denied Mr. Patterson's request for three (3) gift tickets for use by interpreters for deaf and hard of hearing participants, stating in an e-mail: "While we certainly appreciate your interest in providing interpreter services to Deaf Burners, Burning Man isn't able to issue gift tickets to participant camps for use by their members . . . [y]ou are of course welcome to have

Patterson et al., v. Burning Man Project - COMPLAINT

interpreters join your camp to assist your members. The interpreters will just need to acquire their own tickets."

26.     On or about August 17, 2018, Defendant's Director of People Operations, Pedro Vidal, also denied Mr. Patterson's request for interpreters for his volunteer Ranger service, stating in an e-mail to Mr. Patterson that: "We understand your preference is to have an ASL/English interpreter, but this is not something we need to do to ensure effective communication. The proposed accommodations will pair you with a partner who can provide information to you in writing at all times and with the opportunity to communicate with Ranger management should you need additional support. We look forward to working together on playa."

27.     Despite Defendant's promise to pair Mr. Patterson with a partner who would provide notes in writing, Mr. Patterson was not provided with a partner or notes during the Ranger shift briefings in Burning Man 2018.

28.     Plaintiff Branton Stewart is a profoundly deaf individual whose first and primary language is American Sign Language ("ASL").

29.     Mr. Stewart is the CEO of CDI Network, an agency focusing on providing deaf interpretation services.

30.     Mr. Stewart first attended Burning Man in 2017.

31.     Mr. Stewart also attended Burning Man 2018.

32.     In April 2019, after discussions with Mr. Patterson, Mr. Stewart reached out

Patterson et al., v. Burning Man Project - COMPLAINT

to Defendant to find out whether Defendant could provide ASL interpreters for Burning Man.

33.     Mr. Stewart expressed his willingness to work with Defendant to provide ASL interpreters for deaf and hard of hearing participants at Burning Man.

34.     On or about April 24, 2019, Jim Graham from Defendant's communications team e-mailed Mr. Stewart, stating that: "I don't believe Burning Man has ever had a discussion around the unique challenges faced by the Deaf community in Black Rock City."

35.     Mr. Stewart was asked by Defendant to submit a proposal laying out plans for providing interpretation services to deaf and hard of hearing participants at Burning Man.

36.     In mid-May 2019, Mr. Stewart submitted a proposal to Defendant, providing six (6) interpreters for approximately 50 (fifty) to 60 (sixty) deaf or hard of hearing Burning Man participants.

37.     On or about May 21, 2019, Jim Graham denied the proposal, stating in an e-mail that: "We have reviewed, and determined that this is not something Burning Man Project can fund. I would like to call your attention to two of Burning Man's Ten Principles—Radical Self Reliance and Communal Effort. Through these guiding Principles, we encourage our participants to rely on their own resources in discovering Black Rock City."

38.     After the denial, Mr. Stewart personally tried to arrange ASL interpreters to

Patterson et al., v. Burning Man Project - COMPLAINT

attend Burning Man 2019, but no one is able to do so because of the costs and unavailability of tickets.

39.    Upon information and belief, it is Defendant's policy and practice to deny accommodation to deaf and hard of hearing individuals in its events.

40.    Defendant's failure to accommodate Plaintiffs' disability deprived them of the opportunity to fully participate in and enjoy Burning Man's activities like other non-disabled participants.

41.    From 2016 to 2018, Mr. Patterson was unable to effectively communicate with other volunteer Rangers or other participants at Burning Man without the accommodation of qualified ASL interpreters.

42.    In 2017 and 2018, Mr. Stewart was also unable to effectively communicate with other participants at Burning Man without the accommodation of qualified ASL interpreters.

43.    Mr. Patterson has tickets for Burning Man 2019, which is currently set to begin on August 26, 2019.

44.    Mr. Stewart is planning to attend Burning Man 2019, which is currently set to begin on August 26, 2019.

45.    Both Plaintiffs wish to attend future Burning Man events organized by Defendant.

46.    Both Plaintiffs therefore continues to be harmed by Defendant's conduct.

Patterson et al., v. Burning Man Project - COMPLAINT

47.   Defendant has intentionally prevented Plaintiffs and other deaf and hard of hearing individuals from fully participating in and enjoying Burning Man by failing to provide the ASL interpreters necessary for their participation and enjoyment of the event.

48.   Defendant intentionally discriminated against Plaintiffs and other deaf and hard of hearing individuals with deliberate indifference to their rights and to their communication needs, causing Plaintiffs to suffer humiliation, violation of civil rights, frustration, and emotional distress.

## CLAIM I: VIOLATIONS OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

49.   Plaintiffs repeat and re-allege all preceding paragraphs in support of this claim.

50.   At all times relevant to this action, Title III of the ADA, 42 U.S.C. § 12181, et seq., has been in full force and effect and has applied to Defendant's conduct.

51.   At all times relevant to this action, Mr. Patterson has been substantially limited in the major life activity of hearing, and is an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2).

52.   Defendant owns, leases, and/or operates a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7).

53.   Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,   privileges,   advantages,   or   accommodations   of   any   place   of   public

-10-

accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

54.    Title III of the ADA provides that "[i]t shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(b)(1)(A)(i).

55.    Title III of the ADA provides that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

56.    Title III of the ADA provides that "[i]t shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or

Patterson et al., v. Burning Man Project - COMPLAINT

accommodation, or other opportunity that is as effective as that provided to others." 42 U.S.C. § 12182(b)(1)(A)(iii).

57.     Federal regulations implementing Title III of the ADA provide that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1).

58.     Title III of the ADA mandates that public accommodations "take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii); see also Cal. Civ. Code § 51.5; Cal Civ. Code § 54.1.

59.     Pursuant to Title III of the ADA, Defendant has an affirmative duty to provide accommodations for Plaintiffs so that they may participate in Burning Man as would any other non-disabled participant.

60.     The ADA and its promulgating regulations specifically instruct that the type of auxiliary aid or service provided shall be based on the "method of communication used by the individual; the nature, length, and complexity of the communication involve; and the context in which the communication is taking place," rather than affordability of the auxiliary aid or service. 28 C.F.R. §36.303(c)(1)(ii).

61.     Defendant discriminated against Plaintiffs, on the basis of their disability, in

Patterson et al., v. Burning Man Project - COMPLAINT

violation of Title III of the ADA and its implementing regulations.

62.     As set out above, injunctive relief is warranted to ensure that Defendant's actions will not recur with Plaintiffs and/or additional deaf persons.

63.     Plaintiffs are therefore entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1), and/or common law.

## CLAIM II: VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT

64.     Plaintiffs repeat and re-allege all preceding paragraphs in support of this claim.

65.     The Unruh Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).

66.     The Unruh Act further provides that "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Cal. Civ. Code § 51(f).

67.     Defendant violated the Unruh Act by discriminating against Plaintiffs, and also by violating Plaintiffs' rights under the Americans with Disabilities Act.

-13-

68.    Plaintiffs are therefore entitled to seek and recover compensatory damages for the injuries and loss they sustained as a result of Defendant's discriminatory conduct as hereinbefore alleged, pursuant to Cal. Civ. Code § 52.

69.    Plaintiffs are further entitled to seek and recover exemplary damages to rectify and deter Defendant's discriminatory conduct as hereinbefore alleged, pursuant to Cal. Civ. Code § 52.

70.    Plaintiffs are further entitled to an award of attorneys' fees, costs, and disbursements pursuant to Cal. Civ. Code § 52.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully pray that this Court grant the following relief:

a.    Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant's policies, procedures, and practices have subjected Plaintiffs to unlawful discrimination in violation of Title III of the Americans with Disabilities Act and the Unruh Civil Rights Act,

b.    Issue an injunction forbidding Defendant from implementing or enforcing any policy, procedure, or practice that denies deaf or hard of hearing individuals, or their companions, meaningful access to and full and equal enjoyment of Defendant's goods, services, facilities, programs, privileges, advantages, and/or accommodations;

c.    Issue an injunction ordering Defendant:

i.    to provide the ASL interpreters necessary to enable Plaintiffs to attend and

Patterson et al., v. Burning Man Project - COMPLAINT

participate in Defendant's events, including Burning Man;

   ii.    to enable Plaintiffs to participate fully and equally in Defendant's goods, facilities, privileges, advantages, and/or accommodations;

   iii.   to develop, implement, promulgate, and comply with a policy prohibiting future discrimination against Plaintiffs or other deaf or hard of hearing individuals;

   iv.   to develop, implement, promulgate, and comply with a policy requiring that Defendant has a mechanism in place to provide deaf or hard of hearing individuals with in-person interpreters for meetings, trainings, and services provided by the Defendant;

   v.    to train all its employees, staff, and other agents on a regular basis about the rights of individuals who are deaf or hard of hearing under the ADA, the Unruh Act,

d. Award to Plaintiffs:

   i. Compensatory damages pursuant to the Unruh Act.

   ii. Reasonable costs and attorneys' fees pursuant to the ADA, and the Unruh Act,

   iii. Exemplary damages pursuant to the Unruh Act;

   iv. Interest on all amounts at the highest rates and from the earliest dates allowed by law;

   v. Any and all other relief that this Court finds necessary and appropriate.

Patterson et al., v. Burning Man Project - COMPLAINT

1

2

3

## JURY DEMAND

Plaintiffs demand trial by jury for all of the issues a jury properly may decide, and

4

for all of the requested relief that a jury may award.

5

6

7

Dated: August 21, 2019

8

Respectfully submitted,

9

EISENBERG & BAUM, LLP

10

11

By:

12

13

_____
Andrew Rozynski, Esq.

14

*Pro hac vice*—to be filed

15

24 Union Square East, Fourth Floor
New York, NY 10003

16

212-353-8700 (tel.)

17

212-353-1708 (fax)
arozynski@eandblaw.com

18

19

*/s/ John K.* Buche_____

20

John K. Buche (Local Counsel)
BUCHE & ASSOCIATES, P.C.

21

875 Prospect St., Suite 305

22

La Jolla, CA 92037
(858) 459-9111 (Tel.)

23

(858) 430-2426 (Fax)

24

jbuche@buchelaw.com

25

*Attorneys for Plaintiff*

26

27

28

-16-

Patterson et al., v. Burning Man Project - COMPLAINT