ANDREW J. KOZLOW (State Bar No: 252295)
akozlow@ericksenarbuthnot.com
KARA L. WILD (State Bar No: 271647)
kwild@ericksenarbuthnot.com
ERICKSEN ARBUTHNOT
2300 Clayton Road, Suite 2300
Concord, California 94520
(510) 832-7770
(510) 832-0102

Attorneys for Defendant BURNING MAN PROJECT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN PATTERSON and BRANTON STEWART,<br><br>    Plaintiff,<br><br>vs.<br><br>BURNING MAN PROJECT,<br><br>    Defendant. | No. 3:19-cv-05205-TSH<br><br>**DEFENDANT BURNING MAN PROJECT'S ANSWER TO COMPLAINT** |

Defendant BURNING MAN PROJECT ("BMP") hereby answers the Complaint of plaintiffs MELVIN PATTERSON and BRANTON STEWART as follows:

ANSWER TO ALLEGATIONS OF COMPLAINT

**PRELIMINARY STATEMENT**

1. As to Paragraph 1, the paragraph does not contain allegations but rather legal argument and general discussion. To the extent that BMP is required to answer the statements in Paragraph 1, as to the second and third sentences, BMP denies the allegations. Based on a

ANSWER TO COMPLAINT

current lack of sufficient information and knowledge. BMP denies the remainder of the paragraph.

### THE PARTIES

2. As to Paragraph 2, BMP denies the allegations of this paragraph based on a current lack of sufficient information and knowledge.

3. As to Paragraph 3, BMP denies the allegations of this paragraph based on a current lack of sufficient information and knowledge.

4. As to Paragraph 4, BMP admits the allegations of the first two (2) sentences of this paragraph. BMP denies the remainder of the allegations in Paragraph 4.

### JURISDICTION AND VENUE

5. As to Paragraph 5, BMP admits the allegations of this paragraph.

6. As to Paragraph 6, BMP admits the allegations of this paragraph, except as to "the acts or omissions giving rise to this Complaint occurred within this District," which BMP denies based on a current lack of sufficient information and knowledge.

### STATEMENT OF FACTS

7. As to Paragraph 7, BMP admits the allegations of this paragraph, as BMP has produced the annual Burning Man event since 2019. At all other times relevant to the allegations in the Complaint, the Burning Man event was produced by BMP's wholly owned subsidiary Black Rock City LLC ("BRC").

8. As to Paragraph 8, BMP admits that the allegations of this paragraph are a generally accurate statement of content currently published on BMP's website.

9. As to Paragraph 9, BMP denies the allegations of this paragraph based on a current lack of sufficient information and knowledge.

10. As to Paragraph 10, BMP denies the allegations of this paragraph based on a current lack of sufficient information and knowledge.

11. As to Paragraph 11, BMP admits that the allegations of this paragraph are an accurate statement of content currently published on BMP's website for its Black Rock Rangers Department, http://rangers.burningman.org..

1    12.    As to Paragraph 12, BMP denies the allegations of this paragraph based on a
2 current lack of sufficient information and knowledge.
3    13.    As to Paragraph 13, BMP denies the allegations of this paragraph based on a
4 current lack of sufficient information and knowledge.
5    14.    As to Paragraph 14, BMP admits that interpreter services have been available
6 for several years, and continue to be available, to deaf and hard of hearing Burning Man
7 participants as needed in connection with the provision of on-site emergency medical care.
8 Except as so expressly admitted, BMP denies the allegations of this paragraph.
9    15.    As to Paragraph 15, BMP denies the allegations of this paragraph.
10   16.    As to Paragraph 16, BMP admits that the 2016 Burning Man event began on
11 August 28, 2016, and ended on September 5, 2016, and that BRC had access to interpreter
12 services if needed in connection with the provision of on-site emergency medical care to deaf
13 and hard of hearing participants.  BMP denies the remainder of the allegations of this
14 paragraph based on a current lack of sufficient information and knowledge.
15   17.    As to Paragraph 17, BMP admits that the 2017 Burning Man event began on
16 August 27, 2017, and ended on September 4, 2017, and that BRC did not provide ASL
17 interpreter services to deaf and hard of hearing participants, except to the extent needed in
18 connection with the provision of on-site emergency medical care.  BMP denies the remainder
19 of the allegations of this paragraph based on a current lack of sufficient information and
20 knowledge.
21   18.    As to Paragraph 18, BMP admits that the 2018 Burning Man event began on
22 August 26, 2018, and ended on September 3, 2018, and that BRC did not provide ASL
23 interpreter services to deaf and hard of hearing participants, except to the extent needed in
24 connection with the provision of on-site emergency medical care.  BMP denies the remainder
25 of the allegations of this paragraph based on a current lack of sufficient information and
26 knowledge.
27   19.    As to Paragraph 19, BMP denies the allegations of this paragraph based on a
28 current lack of sufficient information and knowledge.

20. As to Paragraph 20, BMP admits that Plaintiff Patterson contacted BMP in the referenced time period to discuss ASL interpreter services at the Burning Man event, but denies the remaining allegations of this paragraph based on a current lack of sufficient information and knowledge.

21. As to Paragraph 21, BMP admits that Plaintiff Patterson visited BMP's San Francisco office on or about the referenced date and met with two employees in BMP's People Operations Department, but denies the remaining allegations of this paragraph based on a current lack of sufficient information and knowledge.

22. As to Paragraph 22, BMP admits that Plaintiff Patterson spoke by phone with BMP's Director of People Operations, Pedro Vidal, on or about the referenced date, but denies the remaining allegations of this paragraph based on a current lack of sufficient information and knowledge

23. As to Paragraph 23, BMP admits that Plaintiff Patterson sent an email to the Burning Man Placement Manager, Victoria Mitchell, whose nickname is "Trippi Longstocking," on or about the referenced date, which email included the text quoted in this paragraph, but denies the remaining allegations of this paragraph based on a current lack of sufficient information and knowledge.

24. As to Paragraph 24, BMP denies the allegations of this paragraph based on a current lack of sufficient information and knowledge.

25. As to Paragraph 25, BMP admits that the referenced BMP personnel sent an email to Plaintiff Patterson on or about the referenced date, which email included the text quoted in this paragraph

26. As to Paragraph 26, BMP admits that Pedro Vidal sent an email to Plaintiff Patterson on or about the referenced date, which email include the text quoted in this paragraph.

27. As to Paragraph 27, BMP denies the allegations of this paragraph based on a current lack of sufficient information and knowledge.

28. As to Paragraph 28, BMP denies the allegations of this paragraph based on a

ANSWER TO COMPLAINT

Page 4

1  current lack of sufficient information and knowledge.

2      29.    As to Paragraph 29, BMP denies the allegations of this paragraph based on a
3  current lack of sufficient information and knowledge.

4      30.    As to Paragraph 30, BMP denies the allegations of this paragraph based on a
5  current lack of sufficient information and knowledge.

6      31.    As to Paragraph 31, BMP denies the allegations of this paragraph based on a
7  current lack of sufficient information and knowledge.

8      32.    As to Paragraph 32, BMP admits that it received an email from Plaintiff Stewart
9  in the referenced time period, but denies the remaining allegations of this paragraph based on a
10 current lack of sufficient information and knowledge.

11     33.    As to Paragraph 33, BMP denies the allegations of this paragraph based on a
12 current lack of sufficient information and knowledge.

13     34.    As to Paragraph 34, BMP admits that the referenced BMP employee sent an
14 email to Plaintiff Patterson on or about the referenced date, which email included the text
15 quoted in this paragraph.

16     35.    As to Paragraph 35, BMP denies the allegations of this paragraph based on a
17 current lack of sufficient information and knowledge.

18     36.    As to Paragraph 36, BMP admits that it received correspondence from Plaintiff
19 Stewart in the referenced time period, but denies the remaining allegations of this paragraph
20 based on a current lack of sufficient information and knowledge.

21     37.    As to Paragraph 37, BMP admits that the referenced BMP employee sent an
22 email to Plaintiff Patterson on or about the referenced date, which email included the text
23 quoted in this paragraph.

24     38.    As to Paragraph 38, BMP denies the allegations of this paragraph based on a
25 current lack of sufficient information and knowledge.

26     39.    As to Paragraph 39, BMP denies the allegations of this paragraph.

27     40.    As to Paragraph 40, BMP denies the allegation of "Defendant's failure to
28 accommodate" and denies the remaining allegations of this paragraph based on a current lack

of sufficient information and knowledge.

41.   As to Paragraph 41, BMP denies the allegations of this paragraph based on a current lack of sufficient information and knowledge.

42.   As to Paragraph 42, BMP denies the allegations of this paragraph based on a current lack of sufficient information and knowledge.

43.   As to Paragraph 43, BMP admits that the 2019 Burning Man event began on August 26, 2019, but denies the remaining allegations of this paragraph based on a current lack of sufficient information and knowledge.

44.   As to Paragraph 44, BMP admits that the 2019 Burning Man event began on August 26, 2019, but denies the remaining allegations of this paragraph based on a current lack of sufficient information and knowledge.

45.   As to Paragraph 45, BMP denies the allegations of this paragraph based on a current lack of sufficient information and knowledge.

46.   As to Paragraph 46, BMP denies the allegations of this paragraph.

47.   As to Paragraph 47, BMP denies the allegations of this paragraph.

48.   As to Paragraph 48, BMP denies the allegations of this paragraph.

## **CLAIM I: VIOLATIONS OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

49.   As to Paragraph 49, BMP incorporates its responses to Paragraphs 1 through 48.

50.   As to Paragraph 50, BMP admits that Title III of the ADA, 42 U.S.C. §12181, et seq has been in full force and effect but denies the remaining allegations of this paragraph based on a current lack of sufficient information and knowledge.

51.   As to Paragraph 51, BMP denies the allegations of this paragraph based on a current lack of sufficient information and knowledge.

52.   As to Paragraph 52, BMP denies the allegations of this paragraph based on a current lack of sufficient information and knowledge.

53.   As to Paragraph 53, this paragraph contains no allegations, but rather a statement of law.  BMP admits the paragraph accurately quotes the statute cited.

1     54. As to Paragraph 54, this paragraph contains no allegations, but rather a
2 statement of law.  BMP admits the paragraph accurately quotes the statute cited.
3     55. As to Paragraph 55, this paragraph contains no allegations, but rather a
4 statement of law.  BMP admits the paragraph accurately quotes the statute cited.
5     56. As to Paragraph 56, this paragraph contains no allegations, but rather a
6 statement of law.  BMP admits the paragraph accurately quotes the statute cited.
7     57. As to Paragraph 57, this paragraph contains no allegations, but rather a
8 statement of law.  BMP admits the paragraph accurately quotes the regulation cited.
9     58. As to Paragraph 58, this paragraph contains no allegations, but rather a
10 statement of law.  BMP admits the paragraph accurately quotes the statute cited.
11     59. As to Paragraph 59, BMP denies the allegations of this paragraph.
12     60. As to Paragraph 60, this paragraph contains no allegations, but rather a
13 statement of law.  BMP admits the paragraph accurately quotes the statute cited.
14     61. As to Paragraph 61, BMP denies the allegations of this paragraph.
15     62. As to Paragraph 62, BMP denies the allegations of this paragraph.
16     63. As to Paragraph 63, BMP denies the allegations of this paragraph.

17 **CLAIM II: VIOLATIONS OF TITLE III OF THE UNRUH CIVIL RIGHTS ACT**

18     64. As to Paragraph 64, BMP incorporates its responses to Paragraphs 1 through 63.
19     65. As to Paragraph 65, this paragraph contains no allegations, but rather a
20 statement of law.  BMP admits the paragraph accurately quotes the statute cited.
21     66. As to Paragraph 66, this paragraph contains no allegations, but rather a
22 statement of law.  BMP admits the paragraph accurately quotes the statute cited.
23     67. As to Paragraph 67, BMP denies the allegations of this paragraph.
24     68. As to Paragraph 68, BMP denies the allegations of this paragraph.
25     69. As to Paragraph 69, BMP denies the allegations of this paragraph.
26     70. As to Paragraph 70, BMP denies the allegations of this paragraph.

27 **ANSWER TO PRAYER FOR RELIEF**

28 BMP denies each and every allegation and assertion contained in Plaintiffs' Prayer for

Relief (Paragraphs a. through d.).

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE: BMP alleges that each cause of action asserted in Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against Defendant as there is no specific provision under the American with Disabilities Act ("ADA") and its implementing regulations and standard requiring BMP to provide ASL interpreters.

SECOND AFFIRMATIVE DEFENSE: BMP alleges that each cause of action asserted in Plaintiffs' Complaint fails to state facts sufficient to support a finding of statutory penalties against BMP under the California Unruh Civil Rights Act because BMP did not intentionally discriminate against Plaintiffs as required by the Unruh Act.

THIRD AFFIRMATIVE DEFENSE: BMP alleges the remedial measures asserted by Plaintiffs are not readily achievable.

FOURTH AFFIRMATIVE DEFENSE: BMP alleges that Plaintiffs did not actually encounter any barrier to access that unreasonably interfered with their participation in the Burning Man events that they attended, and therefore Plaintiffs are not entitled to injunctive or declaratory relief.

FIFTH AFFIRMATIVE DEFENSE: BMP alleges that it has not intentionally discriminated against individuals with disabilities, such as Plaintiffs, and therefore Plaintiffs cannot claim exemplary damages under the Unruh Act.

SIXTH AFFIRMATIVE DEFENSE: BMP alleges that the Complaint and each alleged cause of action contained therein, is barred in whole or in part by all applicable statutes of limitation.

SEVENTH AFFIRMATIVE DEFENSE: BMP alleges that the Complaint and each alleged cause of action contained therein is barred by the equitable doctrine of laches.

EIGHTH AFFIRMATIVE DEFENSE: BMP alleges that the Complaint and each cause of action contained therein is barred in whole or in party by the equitable doctrine of unclean hands.

NINTH AFFIRMATIVE DEFENSE: BMP alleges that Plaintiffs' claims are barred,

in whole or in part, to the extent that at all times relevant BMP was in compliance with all statutes, regulations, and other laws in effect at the time of the conduct allegedly giving rise to Plaintiffs' claims.

TENTH AFFIRMATIVE DEFENSE: BMP alleges that Plaintiffs are entirely or partially barred from any recovery because of their failure to take reasonable and necessary steps to mitigate their alleged damages.

ELEVENTH AFFIRMATIVE DEFENSE: BMP alleges that Plaintiffs have waived, expressly or by implication, their right to maintain the action filed in this case.

TWELFTH AFFIRMATIVE DEFENSE: BMP alleges that Plaintiffs are estopped by action of law or by conduct from maintaining the action filed in this case against BMP.

THIRTEENTH AFFIRMATIVE DEFENSE: BMP reserves the right to assert other defenses as they become apparent or available, and to amend this Answer accordingly. No defense is being knowingly or intentionally waived. BMP further reserves the right to assert additional, relevant affirmative defenses to the extent they become known through discovery.

Dated: October 10, 2019                                  ERICKSEN ARBUTHNOT

                                                         */s/*
                                                         Andrew Kozlow
                                                         Kara L. Wild
                                                         Attorneys for Defendant

# CERTIFICATE OF SERVICE

I the undersigned, hereby declare that I am over the age of 18 years and not a party to the within action. I am employed in the County of Contra Costa, the County in which the following service occurred. My business address is 2300 Clayton Road, Suite 350, Concord, California, 94520.

On the date listed below, I caused a true copy of the following document(s) to be served in this action upon the person(s) set forth below, by the method indicated.

**DOCUMENT(S) SERVED:**     **DEFENDANT BURNING MAN PROJECT'S ANSWER TO COMPLAINT**

**PERSON(S) SERVED:**
Andrew Rozynski, Esq.
EISENBERG & BAUM, LLP
24 Union Square East, Fourth Floor
New York, NY 10003

John K. Buche
BUCHE & ASSOCIATES, P.C.
875 Prospect Street, Suite 305
La Jolla, CA 92037
*Attorney for Plaintiff*

**XX (BY ELECTRONIC SERVICE)** I certify that this document was served electronically to the person(s) named above. Notice of this filing will be sent to the above person(s) by operation of the United States District Court – Northern District of California Court's electronic filing system ECF. Parties may access this filing through the Court's system.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed at Concord, California on October 10, 2019.

             /s/ Penny Peterson
             Penny Peterson