ANDREW J. KOZLOW (State Bar No: 252295)
akozlow@ericksenarbuthnot.com
KARA L. WILD (State Bar No: 271647)
kwild@ericksenarbuthnot.com
ERICKSEN ARBUTHNOT
2300 Clayton Road, Suite 2300
Concord, California 94520
(510) 832-7770
(510) 832-0102

Attorneys for Defendant BURNING MAN PROJECT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# (OAKLAND DIVISION)

| | |
|---|---|
| MELVIN PATTERSON and BRANTON STEWART,<br><br>    Plaintiff,<br><br>  vs.<br><br>BURNING MAN PROJECT,<br><br>    Defendant. | No. 4:19-cv-05205-HSG<br><br>**DEFENDANT BURNING MAN PROJECT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Date Action Filed: 8/21/2019<br><br>Hearing Date: March 26, 2020<br>Time:    2:00 PM<br>Courtroom: 2 |

Defendant BURNING MAN PROJECT ("BMP") submits the following opposition to Plaintiffs MELVIN PATTERSON and BRANTON STEWART ("Plaintiffs")'s Motion for Leave to Amend Complaint.

## I. ARGUMENT

**A. Even under the liberal standard for amending pleadings, the amendment should not be allowed as the S. F. Police Code has no applicability to the case at bar.**

Although Plaintiffs are correct in stating the standard for allowing amendments to the complaint is a liberal one, it is not without limits.

> In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, **futility of amendment**, etc. — the leave sought should, as the rules require, be 'freely given.'
> *Bond v. Vining Sparks* (In re U.S. Mortg. Corp.) (2013) 492 B.R. 784, 815 (quoting *Foman v. Davis* 1962) 371 U.S. 178.

Here, the exemption for "futility of amendment" is appliable.

Plaintiff's current complaint asserts disability discrimination allegations pursuant to the American with Disabilities Act ("ADA") and the Unruh Act and now seeks to add a cause of action under Article 33 of the San Francisco Police Code.

Article 33 of the San Francisco Police code states in pertinent part: "It is the policy of the City and County of San Francisco to eliminate discrimination based on race, color, ancestry, national origin, place of birth, sex, age, religion, creed, disability, sexual orientation, gender identity, weight or height **within the City and County**." S.F. Police Code §3301 (emphasis added).

The plain language of the code section makes clear that the Police Code only applies to acts or omissions within the City and County of San Francisco—the only area for which the City and County of San Francisco has jurisdiction.

Plaintiffs' proffered code section goes on to state that:

(a) Prohibited Activity. It shall be unlawful for any person to do any of the following acts wholly or partially because of a person's actual or perceived race, color, ancestry, national origin, place of birth, sex, age, religion, creed, disability, sexual orientation, gender identity, weight, or height:

>  (1) To deny, directly or indirectly, any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any business establishment or public accommodation.

**DEFENDANT BURNING MAN PROJECT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Page 2

1     S.F. Police Code §3305(a)(1).

2   As set forth throughout, BPM disputes that the Burning Man event in Black Rock City,
3 Nevada is a place of public accommodation such that the ADA and affiliate statutes would
4 apply.  Understandably that issue is not before the court on this motion.  However, the
5 amendment needs to be denied as it would be a futile amendment given that the alleged
6 discriminatory actions set forth in the proposed amended complaint did not take place in San
7 Francisco, California.  Regardless of BMP having its principal place of business in San
8 Francisco which would give the court jurisdiction on other statutes, the S.F. Police Code makes
9 clear it is only applicable to alleged discriminatory actions within the geographic limits  of the
10 City and County of San Francisco.  A review of plaintiffs' original complaint, as well as the
11 proposed amended complaint, illustrates that the plaintiffs' allegations of discrimination are
12 claimed to have taken place in Black Rock City in the Nevada desert. The interactions and
13 requests made of BMP in San Francisco are of no relevance to the inquiry, as plaintiffs claim
14 they were discriminated against based on their disability when BMP failed to provide ASL
15 interpreters at the Burning Man Event in the Nevada desert.

16   Moreover, contrary to the arguments  of plaintiffs, there would be no basis for an
17 independent action under the S.F. Police Code based on the allegations claimed to have taken
18 place in San Francisco.  First, the only acts alleged to have occurred  in San Francisco are
19 interactions and meetings with BMP staff at the private BMP business office in San Francisco.
20 The office itself not a place of public accommodation or a business establishment open to the
21 public.  Moreover, there was never an alleged "denial of accommodation" within the City and
22 County of San Francisco.  All claimed discrimination is alleged to have taken place in Nevada.
23 At the core of plaintiff's complaint is a claimed failure to provide ASL interpreters for Burning
24 Man---an event hundreds of miles from San Francisco.  Thus, any claim pursuant to S.F. Police
25 Code is futile as there are no claimed discriminatory acts that took place in San Francisco.

26   These issues were raised with plaintiffs' counsel during the meet and confer process,
27 and formed the basis for not agreeing to allow the amended complaint.  The proposed
28 amendment would be subject to a motion pursuant to FRCP 12, which BMP seeks to avoid.

**DEFENDANT BURNING MAN PROJECT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Page 3

## II. CONCLUSION

Plaintiffs' proposed amended complaint attempts to add a cause of action under the San Francisco Police Code despite there being no allegations of discrimination within the City and County of San Francisco. Accordingly, the proposed amendment would be futile even under the liberal pleading standards of FRCP 15.

As such, the court should deny plaintiff's motion.

Dated: February 20, 2020                ERICKSEN ARBUTHNOT

                                        _____/s/_____
                                        Andrew Kozlow
                                        Kara L. Wild
                                        Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I the undersigned, hereby declare that I am over the age of 18 years and not a party to the within action.  I am employed in the County of Contra Costa, the County in which the following service occurred.  My business address is 2300 Clayton Road, Suite 350, Concord, California, 94520.

On the date listed below, I caused a true copy of the following document(s) to be served in this action upon the person(s) set forth below, by the method indicated.

**DOCUMENT(S) SERVED:** **DEFENDANT BURNING MAN PROJECT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

**PERSON(S) SERVED:**
Andrew Rozynski, Esq.
EISENBERG & BAUM, LLP
24 Union Square East, Fourth Floor
New York, NY 10003
*Counsel for Plaintiffs*

John K. Buche
BUCHE & ASSOCIATES, P.C.
875 Prospect Street, Suite 305
La Jolla, CA 92037
*Counsel for Plaintiffs*

**XX (BY ELECTRONIC SERVICE)** I certify that this document was served electronically to the person(s) named above.  Notice of this filing will be sent to the above person(s) by operation of the United States District Court – Northern District of California Court's electronic filing system ECF.  Parties may access this filing through the Court's system.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed at Concord, California on February 20, 2020.

                                            /s/ *Penny Peterson*
                                            Penny Peterson