

2300 Clayton Road

Suite 350

Concord, CA

94520

T: 510.832-7770

F: 510.832-0102

akozlow@ericksenarbuthnot.com

CALIFORNIA

OFFICES:

Oakland/East Bay

Sacramento

Fresno/Central Valley

Los Angeles

Silicon Valley/San Francisco

*Corporate Administration:*

Walnut Creek

March 20, 2020

Hon. Haywood Gillam
U.S. District Court, Northern District
Courtroom 2
1301 Clay Street
Oakland, CA 94612

**Re:** *Patterson et al. v. Burning Man Project et al.*
*Case No. 19-5205-HSG*
**Mediation Session: March 23, 2020 10:00 AM**

_____

Dear Judge Gillam:

This letter is in regard the above-referenced matter and the mediation session set for March 23, 2020 with Tamara Lange. Following the issuance of General Orders No. 72 and 73, as well as the Notice Re Procedures for ADR Cases During Coronavirus Public Health Emergency ("ADR Notice"), the parties have met and conferred on moving forward with the scheduled mediation via telephone or possible video conference. The parties have been unable to reach an agreement as the plaintiff desires to move forward with the mediation, while Defendant prefers the mediation be re-set to allow an in-person mediation. The respective positions are set forth below and are being submitted for consideration per the ADR Notice and the parties seek judicial guidance on the matter.

**Plaintiffs' Position:** While Plaintiffs recognize that this is a rather unusual time for all the parties and the Court, Plaintiffs believe that the mediation scheduled for March 23, 2020 can be successfully conducted via telephone or video conference.

First, while it would be ideal to have the mediation in-person, conducting the session via telephone or video conference will not prejudice any parties. Such devices are commonly and effectively used for all types of meetings, settlement discussions, and court proceedings—including depositions, motion hearings, and oral arguments. Contrary to Defendant's beliefs, the parties will have no problem discussing different issues thought video/digital means. Plaintiffs are ready to engage in meaningful talks with Defendant. If Defendant is also ready, then having the discussions over the phone or video should not stop the parties from coming to terms with each other.

Second, we do not see the value of delaying this important settlement discussion and thereby surrendering the chance of resolving this case at an early stage of litigation. Plaintiffs take this mediation very seriously. If Defendant is also serious about the mediation—as it suggests—there is a

Hon. Haywood Gillam
March 20, 2020
Page 2

significant chance that the parties may actually settle this case as of next Monday, March 23, 2020, should the mediation take place. Plaintiffs do not see any reason why such a valuable opportunity to have meaningful discussions must be delayed just because the parties cannot be in one physical place.

Contrary to Defendant's arguments, the nature of this is straightforward: Defendant as a place of public accommodation was required to provide effective communication for Plaintiffs, and it failed to do so despite numerous requests. Even if the nature of injunctive relief is very nuanced—as Defendant suggests—the parties will only have a better understanding of each other's position if the mediation takes place on March 23, 2020. Such understanding can only increase the prospect of future settlements. As such, Plaintiffs believe that having this important discussion early in the stage is beneficial to all the parties.

Plaintiffs also believe that the fact discovery deadline must be extended and the trial postponed. However, Plaintiffs would like to see if the parties can settle. If the mediation is unsuccessful, the parties should proceed with depositions, motions, and trial with new deadlines.

For these reasons, Plaintiffs respectfully request the Court to honor the mediation date of March 23, 2020. Should the Court reschedule the mediation session, however, Plaintiffs respectfully request the Court to move the fact discovery deadline and the trial to a later date.

**Defendant's Position:** Defendant Burning Man Project (BMP) believes it is in the best interest of the parties to continue the mediation to a date after May 1, 2020, as encouraged by the Court's General Order 72 and "Notice Re: Procedures for ADR Cases During Coronavirus Public Health Emergency."  The nature of this case is very nuanced, as it relates to whether BMP is required to provide ASL interpreters at the annual Burning Man event in the Black Rock Desert of Nevada.  There remain significant disputes about the factual history involved and what the nature of any injunctive resolution might look like, in addition to the applicability of certain ADA provisions.  To work through these issues, an in-person, give-and-take session is needed with the representatives from BMP and the plaintiffs.  It simply is not feasible to conduct a phone (or video) mediation with parties and attorneys spread out over the state, and in the case of plaintiffs' counsel, New York.  Defendant takes this mediation very seriously and is confident that a fruitful mediation cannot occur over the phone.

Defendant is also mindful that there is a trial date set for July 20, 2020, and Pretrial Conference June 30, 2020, with the goal of having this matter resolved prior to the next scheduled Burning Man event begins in late August 2020.  In the end, the mediation and discovery deadlines will likely be extended. The parties will not be able to conduct any depositions in the short term.  Even if scheduling changes impact the current trial date, the plaintiffs' desire to have resolution prior to the next Burning Man must take a back seat to the current challenges posed by the unprecedented health crisis.  Defendant's goal is to engage in a meaningful mediation session, but this cannot occur over the phone or by video when the parties cannot even be in the same room as their

Hon. Haywood Gillam
March 20, 2020
Page 3

respective counsel, let alone one another. Therefore, Defendant respectfully requests the Court reset the mediation to a date after May 1, 2020, when an in-person mediation could occur.

Respectfully Submitted,

ERICKSEN ARBUTHNOT

/s/

ANDREW J. KOZLOW
Attorneys for Defendants.



EISENBERG & BAUM

/s/

ANDREW ROZYNSKI
Attorney for Plaintiffs